UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH DALEO,

    Plaintiff,

v.                                            CASE NO: 8:11-CV-2521-T-30TBM

POLK COUNTY SHERIFF,
GRADY JUDD, and unnamed
POLK COUNTY DEPUTIES,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Polk County Sheriff's Motion to Dismiss (Dkt. 10) Plaintiff Joseph Daleo's First Amended Complaint (Dkt. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court, having reviewed the motion and being otherwise advised in the premises, concludes that Defendant's Motion to Dismiss should be granted in part and denied in part.

### BACKGROUND

For the purpose of deciding this motion, the court accepts as true the factual allegations in Daleo's amended complaint. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). On the evening of September 28, 2010, deputies of the Polk County Sheriffs Office investigated a "hit and run" accident in Daleo's neighborhood. The investigation led the deputies to arrest Daleo outside of his home. Daleo was placed in a sheriff's vehicle and transported to the Polk County Jail.

The deputies then approached Daleo's fiancé Shana Furley. One deputy told Furley that she was an accessory after the fact for the "hit and run," and because of that she was under arrest. Although the deputies did not place restraints on Furley, they informed Furley of her *Miranda* rights. The deputies asked Furley if they could speak to her in Daleo's house. Furley allowed the deputies to enter through the front door of the home and into the foyer because Furley, who believed she was under arrest, felt she had no alternative but to acquiesce to the deputies' request.

Inside Daleo's home, the deputies asked Furley if they could search the house. The deputies told Furley that they heard from other people that the house contained a significant amount of marijuana and that if Furley did not consent to a search for the vehicle involved in the "hit and run" that the deputies were investigating, the deputies would "get a warrant and tear the house apart in a search for the Marijuana." (Dkt. 8 at ¶ 17). Furley told the officers that the house was not hers, she did not live there, and therefore she "did not feel right" telling the officers that they could search Daleo's house. (*Id.* at ¶ 15).

One deputy said that "I'm in the house therefore, I'll just walk through the house and look around." (*Id.* at ¶ 18). The deputy then walked through the house, followed by two other officers, and entered the garage. The deputy opened the garage door and other officers who were waiting outside the garage entered the garage. The group of deputies searched the garage and eventually all of the deputies left the home without telling Furley that either she was no longer under arrest or that she was free to leave. Accordingly, both Daleo and Furley

believe that the deputies' statement to Furley that she was under arrest was a ploy to obtain permission to search Daleo's house.

### *Procedural Background*

On November 7, 2011, Daleo filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. 1) against Defendant Polk County Sheriff, alleging an illegal search in violation of the Fourth Amendment.[1] Defendant Polk County Sheriff moved to dismiss Daleo's complaint. (Dkt. 5). On April 17, 2012, Daleo filed an amended complaint that named Polk County Sheriff Grady Judd and "unnamed Polk County Deputies" as defendants to Daleo's § 1983 claim.

Defendant Polk County Sheriff moves to dismiss Daleo's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The Polk County Sheriff believes that Daleo failed to allege the Fourth Amendment violation occurred as the result of a policy or custom of the Polk County Sheriff. Additionally, the Polk County Sheriff moves to dismiss Daleo's § 1983 claim against the "unnamed Polk County Deputies" because generally fictitious-party pleading is not permitted in federal court and the deputies would be entitled to qualified immunity.

---

[1] The Fourteenth Amendment made applicable to the States the Fourth Amendment's protections against unreasonable searches and seizures. *See Soldal v. Cook County, Ill.*, 506 U.S. 56, 61 (1992) (citing *Ker v. California*, 374 U.S. 23, 30 (1963)).

## DISCUSSION

A.  **Pleading Requirements**

"Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (quoting Fed.R.Civ.P. 8(a)(2)). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (internal quotations and citations omitted).

The Eleventh Circuit no longer applies a heightened pleading standard to claims brought pursuant to § 1983. *Milton v. Turner*, 445 Fed.Appx. 159, 161 (11th Cir. 2011) (citing *Randall*, 610 F.3d at 709–10). Instead, pleadings for § 1983 cases must comply with the standards described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Randall*, 610 F.3d at 709. In applying these standards, a "district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations." *Id.* at 709–10. "The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 710.

B.  **Official Capacity Claim Against The Polk County Sheriff**

"Although the Supreme Court has held that counties (and other local government entities) are 'persons' within the scope of § 1983, and subject to liability, [a plaintiff] cannot rely upon the theory of *respondeat superior* to hold [the local government entity] liable."

*McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). To impose § 1983 liability on a local government entity, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the local government entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See McDowell*, 392 F.3d at 1289 (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

At issue here is the second element: whether Daleo alleged the Polk County Sheriff had a custom or policy that constituted deliberate indifference to Daleo's constitutional rights. The court concludes that the amended complaint's allegations do not establish this element.

"[O]fficial policy" often refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). An official government policy also includes a decision to adopt a particular course of action that is properly made by that government's authorized decisionmakers. *See id.* at 481.

Here, the allegations in the amended complaint lack any mention of an official policy that constituted deliberate indifference to Daleo's constitutional rights, and the factual allegations are insufficient to infer one. Indeed, "municipalities rarely have an official policy that endorses a constitutional violation." *Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Because the amended complaint does not establish an official policy, Daleo

must show that the Polk County Sheriff had a custom or practice of permitting a constitutional violation and that the Polk County Sheriff's custom or practice was the moving force behind the constitutional violation. *Id.* (citing *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003)).

Assuming, for the sake of argument, that the incident on the evening of September 28 was one in which the deputies' actions were unconstitutional, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality." *Id.* (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion)) (internal quotations omitted). This is true "even when the [single] incident involves several employees of the municipality." *Id.* at 1311. "A pattern of similar constitutional violations . . . is ordinarily necessary." *Id.* at 1310 (quoting *Connick v. Thompson*, 563 U.S. —, 131 S.Ct. 1350, 1360 (2011)) (internal quotations omitted). "A single incident would not be so pervasive as to be a custom, because a custom must be such a longstanding and widespread practice that it is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Craig*, 643 F.3d at 1310 (internal quotations and citations omitted).

Like the plaintiff in *Craig*, Daleo's factual allegation of a custom or practice "rests entirely on a single incident of alleged unconstitutional activity." *Id.* at 1311. Accordingly, the amended complaint does not establish that the Polk County Sheriff had a custom or practice that constituted deliberate indifference to Daleo's constitutional rights. The Polk County Sheriff will be dismissed from Daleo's § 1983 claim in his official capacity.

**C.      Individual Capacity Claim Against Polk County Sheriff Grady Judd**

The amended complaint does not indicate whether Daleo seeks a § 1983 claim against Defendant Polk County Sheriff Grady Judd in his individual capacity. Assuming the amended complaint asserts a § 1983 claim against Polk County Sheriff Grady Judd in his individual capacity, the claim lacks merit.

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *German v. Broward County Sheriff's Office*, 439 Fed.Appx. 867, 870 (11th Cir. 2011) (citing *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Rather, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Hartley*, 193 F.3d at 1269; *see also Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006) (noting that liability under either instance is personal). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Id.* (quotation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.* (quotation omitted).

The amended complaint does not allege that Polk County Sheriff Judd personally participated in the alleged constitutional violation. Further, the amended complaint's allegations do not establish a causal connection between the actions of Polk County Sheriff

Judd and the alleged constitutional violation. The amended complaint's allegations lack any history of "obvious, flagrant, [and] rampant" widespread abuse "of continued duration" that would put Polk County Sheriff Judd on notice of the need to take corrective action. *Hartley*, 193 F.3d at 1269. Accordingly, Polk County Sheriff Judd will be dismissed from Daleo's § 1983 claim in his individual capacity.

**D.     Official Capacity Claim Against "Unnamed Polk County Deputies"**

When an officer is sued under § 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The official capacity suit is redundant where the entity or its representative is a party to the suit. *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Here, Daleo named the Polk County Sheriff as a defendant in this case. Accordingly, Daleo's § 1983 claim as to Defendants "unnamed Polk County Deputies" in their official capacities will be dismissed with prejudice.

**E.     Individual Capacity Claim Against "Unnamed Polk County Deputies"**

The Court agrees with the Polk County Sheriff that "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, "there may be times when . . . the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual . . . without stating his name precisely or correctly." *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992). In *Dean*, the court cited *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), a case that

allowed use of an unnamed defendant where it was clear that discovery would uncover the defendant's identity. *Dean*, 951 F.2d at 1216.

The situation of this case, like the situations in *Gillespie* and *Dean*, is one where the identities of the fictitious defendants will not be known before the filing of a complaint. The situation is also one where the identities of the fictitious defendants are likely to be uncovered through discovery. The amended complaint contains the address of Daleo's home and the date of the police encounter that can be used to obtain the actual names of the "unnamed Polk County Deputies" from the Polk County Sheriff. As such, Daleo can use fictitious names to indicate real defendants because it appears that discovery will likely uncover the defendants' actual names. *See Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F.Supp.2d 1354, 1361 (S.D.Fla. 2009); *Mann v. Darden*, 630 F.Supp.2d 1305, 1312 (M.D.Ala. 2009); *McDermott v. Brevard County Sheriff's Office*, No. 6:07-cv-150 2007 WL 948430 at *4 (M.D.Fla. 2007).

The Polk County Sheriff next asserts that the "unnamed Polk County Deputies" are entitled to qualified immunity as a matter of law. "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Barnes v. Zaccari*, 669 F.3d 1295, 1302 (11th Cir. 2012) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1193–94 (11th Cir. 2002)). "While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss." *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001).

"[T]he motion will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Id.* (quoting *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)).

"To receive qualified immunity, the government official must first prove that he was acting within his discretionary authority." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)). Here, the Polk County Sheriff does not allege in his motion to dismiss that the "unnamed Polk County Deputies" were performing discretionary functions; the Polk County Sheriff alleges at the end of the motion to dismiss that "the deputies would clearly be entitled to qualified immunity as a matter of law." (Dkt. 10 p. 4). Although the Eleventh Circuit recognized that "a number of our cases omit this step of the analysis, binding Supreme Court and Eleventh Circuit precedents require us to consider expressly this critical threshold matter." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

In *Gary v. DeKalb County Gov.*, a panel of the Eleventh Circuit affirmed the district court's conclusion that the officials failed to allege that they were engaged in discretionary functions when they performed the acts alleged in the plaintiff's complaint. *Gary*, 291 Fed.Appx. 974, 975 (11th Cir. 2008). Accordingly, the court could not grant the officials qualified immunity. *See id*; *see also Stork v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003) ("Under qualified immunity analysis, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place.").

Here, the "unnamed Polk County Deputies" did not meet their initial burden under the Eleventh Circuit's qualified immunity analysis. Accordingly, the "unnamed Polk County Deputies" remain as defendants in their individual capacities. However, Daleo must still identify and serve the "unnamed Polk County Deputies" in a timely fashion. "A plaintiff's failure to identify and serve unnamed defendants in a timely fashion requires dismissal." *Williams v. Barrett*, 287 Fed.Appx. 768, 770 (11th Cir. 2008). "[W]hen an amended complaint names a new defendant, a plaintiff has 120 days from the date on which the amended complaint is filed to serve that defendant with process." *Lindley v. City of Birmingham, Ala.*, 452 Fed.Appx. 878, 880 (11th Cir. 2011) (citing *Brait Builders Corp. v. Mass., Div. of Capital Asset Mgmt.*, 644 F.3d 5, 9 (1st Cir. 2011); *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004); *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990)).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. The Defendant's Motion to Dismiss (Dkt. 10) is **GRANTED in part and DENIED in part**:

    A. it is **GRANTED** as to the section 1983 claim against Defendant Polk County Sheriff Grady Judd in his official and individual capacities, and as to the section 1983 claim against Defendants "unnamed Polk County Deputies" in their official capacities;

B.  it is **DENIED** as to the section 1983 claim against Defendants "unnamed Polk County Deputies" in their individual capacities.

2. The section 1983 claim against Defendant Polk County Sheriff Grady Judd in his official and individual capacities is **DISMISSED** without prejudice.

3. The section 1983 claim against Defendants "unnamed Polk County Deputies" in their official capacities is **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on May 17, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Odd\2011\11-cv-2521.mtd 10.wpd*