**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOSEPH DALEO,**

     **Plaintiff,**

**v.**                              **Case No. 8:11-CV-2521-T-30TBM**

**MARK McCRAY, Deputy Sheriff,
et al.,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 18) and Plaintiff's Response to Defendant's Motion to Dismiss (Dkt 20). The Court, having reviewed Defendants' Motion (Dkt. 18), Plaintiff's Response (Dkt. 20), and being otherwise advised of the premises, concludes that the Motion to Dismiss should be granted.

## BACKGROUND

For the purpose of deciding this motion, the court accepts as true the factual allegations in Plaintiff Daleo's amended complaint. *See Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). On the evening of September 28, 2010, Defendants Mark McCray, Courtney Baldwin, and Asbury Jackson ("Deputies") of the Polk County Sheriffs Office investigated a "hit and run" accident in Plaintiff Daleo's neighborhood. The investigation led the Deputies to arrest Daleo outside of his home. Daleo was placed in a sheriff's vehicle and transported to the Polk County Jail.

1

Deputies then approached Daleo's fiancé Shana Furney. One deputy told Furney that she was under arrest as an accessory after the fact for the "hit and run." Although Deputies did not place restraints on Furney, they informed her of her *Miranda* rights. Deputies asked Furney if they could speak to her in Daleo's house. she allowed the Deputies to enter through the front door of the home and into the foyer because Furney, who believed she was under arrest, felt she had no alternative but to acquiesce to the Deputies' request.

Inside Daleo's home, Deputies asked Furney if they could search the house. The Deputies told Furney that they had heard from other people that the house contained a significant amount of marijuana and that if Furney did not consent to a search for the vehicle involved in the "hit and run", the Deputies would "get a warrant and tear the house apart in a search for the marijuana." (Dkt. 16 at ¶ 17). Furney told the officers, apparently for the first time, it was not her house, she did not live there, and therefore she "did not feel right" telling the officers that they could search Daleo's house. (Id. at ¶ 15).

One of the Deputies said that "I'm in the house therefore, I'll just walk through the house and look around." (Id. at ¶ 18). The Deputy then walked through the house, followed by two of the other Deputies, and entered the garage. Accordingly, both Daleo and Furney assert the deputy's statement to Furney that she was under arrest was a ploy to obtain access to search Daleo's house.

## STANDARD OF REVIEW

"Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010) (quoting Fed. R. Civ. P.

8(a)(2)). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*

The Eleventh Circuit no longer applies a heightened pleading standard to claims brought pursuant to § 1983. *Randall,* 610 F.3d at 709-10. Instead, pleadings for § 1983 cases must comply with the standards described in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *See Randall,* 610 F.3d at 709. In applying these standards, a "district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations." *Id.* at 709–10. "The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 710.

## DISCUSSION

### A.      Pleading Each Individual Government-Official's Actions

Deputies assert that Daleo's amended complaint fails to allege each Deputy's particular constitutional violation. (Dkt. 18, p. 2). In support of this argument, they quote *Keating v. City of Miami*, 598 F. 3d 753, 763 (11th Cir. 2010) ("A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). However, the full quote from *Ashcroft* states "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

The principle first addressed in *Iqbal* and cited by *Keating* only applies to Government-official defendants who would otherwise be liable under the tort theory of respondeat superior. *Keating* involved four Miami Chiefs of Police who would otherwise be subject to vicarious liability for their subordinates' actions. In the instant case, the amended complaint alleges Deputies violated Daleo's constitutional rights, not that they supervised other officers who violated Daleo's rights. Therefore *Keating* is inapposite and the motion to dismiss the amended complaint on this ground should be denied.

**B.     Qualified Immunity**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 229 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity "is an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200, 201 (2001).

To be entitled to qualified immunity, an official must demonstrate he was acting within the scope of his discretionary authority. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). To overcome this immunity, a plaintiff must show that a reasonable official would understand that the action taken would violate a recognized right. *Pearson v. Callahan*, 555 S. Ct. 223, 229 (2009).

The discretionary authority analysis requires two inquiries: "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job related goal), (b) through means that were within his power to utilize." *See Holloman ex. rel Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). "In

4

applying each prong of this discretionary function test, we look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Id*. at 1266.

As Polk County Sheriff Deputies, Defendants argue they had the authority to arrest citizens and investigate possible crimes. (Dkt. 18, p. 4). The Deputies contend they were pursuing a job related goal when they were investigating a "hit and run" accident involving Daleo. *Id*. This investigation led the Deputies into Daleo's home to talk with Furney, who was a potential accomplice. (Dkt. 18 p. 5). The Deputies assert that the conversation between Furney and Deputies in Daleo's house was within their discretionary authority. *Id*. Since the Deputies have satisfied the elements of discretionary authority, the burden shifts to the Daleo to show that the Deputies violated his clearly established constitutional rights and that qualified immunity is not appropriate. *Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

A violation of the Constitution may be clearly established by either showing (1) a materially similar case; (2) pointing to a "broader, clearly established principle" that controls "the novel facts of the situation;" (3) or "demonstrating that the conduct involved in the case" so obviously violates "the constitution that prior case law is unnecessary." *Terrell v. Smith*, 668 F.3d 1244, 1255-56 (11th Cir. 2012).

Here, Daleo alleges the Deputies violated his Fourth Amendment right to be protected against illegal searches and seizures. (Dkt. 16 ¶ 25). Daleo claims this Fourth Amendment right was clearly established because being granted access by Furney to the entranceway of Daleo's home did not give them permission to go anywhere else in the

home. *Id.* However, other facts indicate it was not so readily apparent to the Deputies that they were violating Daleo's constitutional rights.

"For a constitutional right to be clearly established in a given case, the right contours must be so clear that every objectively reasonable official must understand that what the defendant, in the context of the circumstances of the case, is doing clearly violates the right." *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th Cir. 2003). The complaint alleges Furney allowed the Deputies into the home, and the complaint does not state that scope was limited upon entering the home. (Dkt. 16 ¶ 14). Therefore, it was not clearly established given that consent was not limited in scope, that Deputies entering the house and proceeding through the house would violate Daleo's constitutional rights.

Daleo also fails to cite a persuasive authority showing Deputies violated a clearly established constitutional right. Daleo has a burden to demonstrate a clearly established constitutional right "by looking to the law as interpreted at the time by the United States Supreme Court, Eleventh Circuit, or the Florida Supreme Court." *Terrell v. Smith*, 668 F.3d 1244, 1255-56 (11th Cir. 2012).

In support of his argument, Daleo does cite to one case, *Lackey v. State*, 638 S.W.2d 439 (Tex. Cr. App., 1982), in support of his argument that the constitutional right was clearly established. As an initial matter, *Lackey* is not persuasive authority. *See Terrell,* 668 F.3d 1244 at 1255. Also, *Lackey* dealt with a case where consent to search was given through a written waiver by a homeowner who was not under arrest, and who did not raise any claims of involuntary consent or coercion. These facts are hardly analogous to the facts of the instant case.

Therefore, since Daleo has failed to meet his burden to show Deputies violated a clearly established constitutional right, the motion to dismiss is granted on this ground.

For the foregoing reasons it is **ORDERED** and **ADJUDGED** as follows:

1.      The Defendants' Motion to Dismiss (Dkt. 18) is **GRANTED**.

2.      The section 1983 claims against Defendants Mark McCray, Courtney Baldwin, and Asbury Jackson are **DISMISSED** without prejudice. Plaintiff may amend within twenty (20) days if he can meet the burden to show the Deputies violated a clearly established constitutional right, established by the United States Supreme Court, the Eleventh Circuit, or the Florida Supreme Court.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2521 mtd 18.docx

7